

FILED

MAY 1 2 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 05-26408-C-7 |
| RYAN C. CHURCHILL, | Adversary No. 05-2313 |
| Debtor(s). | DC No. BRR-2 |
| MARCO AMBROSELLI, | |
| Plaintiff(s), | |
| v. | |
| RYAN C. CHURCHILL, | |
| Defendant(s). | |

**MEMORANDUM DECISION ON MOTION TO DISMISS ADVERSARY PROCEEDING**

This court conducted an evidentiary hearing on May 10, 2006, on the question whether the summons and complaint were personally served on the defendant on August 29, 2005, as alleged by the plaintiff Marco Ambroselli in the return of service. Findings of fact and conclusions of law were rendered on the record in which the court concluded, based on its resolution of the credibility of the testimony of the various witnesses, that the summons and complaint were not personally served on August 29, 2005, and that the declaration in support thereof accordingly was false.

49

Case 05-02313    Filed 05/12/06    Doc 49

The motion before the court included a motion to dismiss for failure to have served the summons and complaint within the time specified by Federal Rule of Civil Procedure 4(m), as incorporated by Federal Rule of Bankruptcy Procedure 7004(a). The parties argued their respective positions after the court resolved the service question, and the matter was taken under submission so that the court could conduct further appropriate legal research and reflect upon the appropriate outcome.

Upon reflection, the court is persuaded that the appropriate resolution of this matter is to dismiss the adversary proceeding without prejudice pursuant to Rule 4(m).

This is a situation in which the process server, Charles Segerman, who is not a registered process server in California (and whose testimony the court did not believe), is so closely aligned with the plaintiff by way of personal association that it is appropriate to charge the plaintiff with knowledge of, and responsibility for, the false affidavit regarding personal service.

The Rule regarding the time limitation for service of process is Rule 4(m), which permits dismissal of an action without prejudice with respect to a defendant as to whom service of the summons and complaint is not made within 120 days after the filing of the complaint. The 120th day after August 29, 2005, was December 27, 2005. The court also has discretion to direct that service be within a specified time and, where there is a demonstration of good cause for failure of service, an extension becomes mandatory.

The meaning of "good cause" under Rule 4(m) is the same as

the meaning of that term in the predecessor version of the Rule, Federal Rule of Civil Procedure 4(j). This court reviewed the Ninth Circuit decisions on that point in its decision in Stinnett v. Wilson (In re Wilson), 96 B.R. 301, 303-04 (Bankr. E.D. Cal. 1989). In the Ninth Circuit, misdeeds of employees of counsel, mistaken assumptions, inadvertence of counsel, secretarial oversight, or ignorance of the terms of the relevant rule of procedure do not demonstrate "good cause" excusing timely service. Townsel v. County of Contra Costa, 820 F.2d 319 (9th Cir. 1987); Hart v. United States, 817 F.2d 78 (9th Cir. 1987); Whale v. United States, 792 F.2d 951 (9th Cir. 1986); Wei v. Hawaii, 763 F.2d 370 (9th Cir. 1985).

Moreover, the provisions that a dismissal without prejudice might actually constitute a dismissal with prejudice in light of an intervening time bar does not affect the "good cause" analysis. Townsel, 820 F.2d at 320; Hart, 817 F.2d at 81; United States v. Kenner Gen. Contractors, 764 F.2d 707, 711 n.5 (9th Cir. 1985).

The court is persuaded that the false affidavit by the process server, who was personally selected by the plaintiff because of his association with the plaintiff, is such that there is not "good cause" for extending the time in which to serve the summons and complaint. In other words, extension of the time for service for an appropriate period is not mandated by Rule 4(m).

The question then becomes whether the court should exercise its discretion to direct that service be effected within a specified time or instead to dismiss the action. As Professors Wright and Miller note, the analysis is equitable in nature. See

Case 05-02313    Filed 05/12/06    Doc 49

4B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice & Procedure</u>, § 1137 (3d ed. 2002).

    Under the equities of the case, taking into account all of the testimony that was presented at the evidentiary hearing on the service question, the court is persuaded that the appropriate course is to exercise its discretion to dismiss the adversary proceeding without prejudice. In so doing, the court is mindful that, if the adversary proceeding is re-filed, a defense of a limitations period may be interposed and that an argument in favor of equitable tolling may be presented. This decision does not constitute a determination, one way or the other, on how the court would rule on such a matter.

    For the foregoing reasons, the adversary proceeding will be dismissed without prejudice. An appropriate order will issue.

Dated: May 12, 2006.

_____
UNITED STATES BANKRUPTCY JUDGE

## CERTIFICATE OF SERVICE

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Lyle D. Solomon
PO Box 1411
Rocklin, CA 95677


Bret R. Rossi
2214 U St
Sacramento, CA 95818

Dated:
5/12/06

_____
DEPUTY CLERK