```
                              FILED
                            JUL 2 0 2006
                       UNITED STATES BANKRUPTCY COURT
                        EASTERN DISTRICT OF CALIFORNIA
```

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ) | Case No. 05-26408-C-7 |
| RYAN CHURCHILL, ) | Adv. Proc. No. 05-2313 |
| Debtor. ) | DC No. BRR-3 |
| ) | |
| MARCO AMBROSELLI, ) | |
| Plaintiff, ) | |
| v. ) | |
| RYAN CHURCHILL, ) | |
| Defendant. ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON MOTION FOR ATTORNEY'S FEES AND COSTS**

On May 26, 2006, defendant, Ryan Churchill, filed a motion for attorney's fees and costs in connection with the defense and subsequent dismissal of adversary proceeding number 05-2313.

Defendant's motion requests that the court award him $12,802.50 in fees and $106.61 in costs for a total award of $12,909.11 pursuant to 11 U.S.C. § 523(d); California Civil Code § 1717; and California Code of Civil Procedure § 1021.

The court does not understand Ninth Circuit precedent to permit application of the California statues to simple



nondischargeability issues. Hence, the focus is on § 523(d).

Notice was timely served on plaintiff and a hearing on the motion was scheduled for July 18, 2006. In response, plaintiff filed an opposition. Defendant filed a reply to plaintiff's opposition. A hearing was held on July 18, 2006. The court took the matter under submission.

11 U.S.C. § 523(d) provides:

> If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

On May 12, 2006, adversary proceeding 05-2313 was dismissed without prejudice. While testimony about the underlying transaction took place, the testimony occurred in the context of an evidentiary hearing to determine whether service was properly made on defendant. Thus, the court did not hear the full dispute.

The adversary proceeding was dismissed without prejudice on account of defective service on defendant. While there is merit to defendant's substantial justification argument, not having heard the full merits of the case, the court is not in the position to determine the substantial justification issue for purposes of § 523(d).

```
 1        Therefore, defendant's motion for attorney's fees and
 2   costs is DENIED.
 3        An appropriate order shall issue.
 4
 5        Dated: July 20, 2006
```

_____
UNITED STATES BANKRUPTCY JUDGE

**CERTIFICATE OF SERVICE**

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Marco Ambroselli
7405 Greenback Lane #131
Citrus Heights, CA 95610

Aaron Swickard
P.O. Box 214385
Sacramento, CA 95821

Lyle Solomon
P.O. Box 1411
Rocklin, CA 95677

Ryan Churchill
1630 Bell Street
Sacramento, CA 95815

Bret Rossi
2214 U Street
Sacramento, CA 95818

Office of the United States Trustee
United States Courthouse
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Dated: 7/21/06

_____
Deputy Clerk